JIM SALMORE v. THE STATE.

No. 13553.  Delivered December 10, 1930.

The opinion states the case.

*H. E. Kahn,* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of intoxicating liquor; penalty, one year in the penitentiary.

Only one bill of exception appears in the record.  If we comprehend this, it presents the alleged error of the trial court in refusing to grant appellant a new trial upon an allegation supported by the testimony of the accused that the attorney employed by him had stated to him that he would get a suspended sentence and he was thereby induced to plead guilty.  The record shows that he did plead guilty, after being duly admonished by the court of the consequences of his plea of guilty and the court certifies that the appellant then said he understood it and that it plainly appeared to the court that the appellant was sane and was uninfluenced in making his plea by any consideration of fear or persuasive or delusive hope of pardon or by any promise of any kind prompting him to confess his guilt.  The effect of appellant's testimony was that the statement above indicated was made to him by his counsel.  An issue was made as to this on the hearing.

It would indeed be a strange and dangerous rule that would permit the overturning of jury verdicts upon statements made to accused privately by counsel of his own choosing.  The mere statement of such a

proposition sufficiently demonstrates its unsoundness. However, in this case it is not necessary to discuss or decide such question because the testimony shown in the bill presenting this matter clearly made an issue as to the truth of the above allegation. The trial court upon abundantly sufficient evidence found against appellant and his finding is conclusive upon us. This has been too many times decided to here require collation of authorities. The jury are the sole judges of whether an accused is entitled to a suspended sentence and this record contains nothing that would lead us to believe that a trial before another jury would have a different result. If appellant was deprived of any legal right in the trial of this case, the record before us fails to reveal it.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.